Tammy Hussin (Bar No. 155290)
*Of Counsel*
Lemberg & Associates LLC
6404 Merlin Dr.
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff, Jill Lodge

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Jill Lodge,<br><br>             Plaintiff,<br><br>vs.<br><br>C.C.S. Recoveries, LLC; and DOES 1-10, inclusive,<br><br>             Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et. seq;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Jill Lodge, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Jill Lodge (hereafter "Plaintiff"), is an adult individual residing at 1347 E Salem Ave Fresno, California 93720, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, CCS Recoveries, LLC (hereafter "CCS"), is a company with an address of 2414 S. Fairview St. Suite 210 Santa Ana, California 92704, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by CCS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

8. The Plaintiff allegedly incurred a financial obligation in (the "Debt") to Keiser Permanente (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CCS for collection, or CCS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

3

## B. <u>CCS Engages in Harassment and Abusive Tactics</u>

12. Within the last year, CCS contacted Plaintiff in an attempt to collect the Debt.

13. CCS used hostile and abusive language, including accusing Plaintiff of committing fraud.

14. CCS threatened to take immediate legal action against Plaintiff if she did not immediately pay the Debt. To date, no such action has been filed.

15. CCS threatened Plaintiff that she would be arrested if she did not immediately pay the Debt.

16. CCS threatened Plaintiff with a wage garnishment if she did not immediately pay the Debt.

17. CCS threatened Plaintiff with seizure of her property of she did not immediately pay the Debt.

18. CCS attempted to confuse and mislead Plaintiff as to the amunt owed on the Debt.

19. Plaintiff advised CCS that she was represented by counsel and directed CCS to communicate only with her attorney. Despite being informed that Plaintiff was represented by counsel, CCS thereafter continued to contact Plaintiff in an attempt collect the Debt.

20. Plaintiff has advised CCS on at least four occasions that she was represented by counsel. CCS continues to contact Plaintiff.

21. CCS failed to identify itself when speaking with Plaintiff and failed to inform Plaintiff that the call was an attempt to collect the Debt.

22. CCS failed to inform Plaintiff of her rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

C. **Plaintiff Suffered Actual Damages**

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

5

# COUNT I
# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
# 15 U.S.C. § 1692, et seq.

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

28. The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

29. The Defendants threatened the Plaintiff with imprisonment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

30. The Defendants threatened the Plaintiff with seizure of her property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

31. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

32. The Defendants falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff, in violation of 15 U.S.C. § 1692e(7).

33. The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

34. The Defendants threatened to unlawfully repossess or disable the Plaintiff's property, in violation of 15 U.S.C. § 1692f(6).

35. The Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

36. The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

37. The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

38. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

39. The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

40. The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

41. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

42. The Plaintiff is entitled to damages as a result of the Defendants' violations.

7

# COUNT II
# VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

45. C.C.S. Recoveries, LLC, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

46. The Defendants threatened the Plaintiff with accusations of criminal conduct if the Plaintiff did not pay the debt, in violation of Cal. Civ. Code § 1788.10(b).

47. The Defendants threatened the Plaintiff with arrest if the debt was not paid, in violation of Cal. Civ. Code § 1788.10(e).

48. The Defendants threatened the Plaintiff with seizure of his property if the debt was not paid, without intending to take such action, in violation of Cal. Civ. Code § 1788.10(e).

49. The Defendants threatened the Plaintiff with garnishment or attachment of his wages if the debt was not paid, without intending to institute such proceedings, in violation of Cal. Civ. Code § 1788.10(e).

50.     The Defendants did not disclose the identity of the debt collection agency when communicating with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(b).

51.     The Defendants falsely represented that a legal proceeding had been or was about to be instituted unless the debt was paid immediately, in violation of Cal. Civ. Code § 1788.13(j).

52.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

    E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

9

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: August 18, 2011                          TAMMY HUSSIN


By: */s/   Tammy Hussin*
Tammy Hussin, Of *Counsel*
Lemberg & Associates, LLC
Attorney for Plaintiff, Jill Lodge